

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2007

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3675

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Smith" (2007). *2007 Decisions*. Paper 895.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/895

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3675

UNITED STATES OF AMERICA

v.

TRINA SMITH

Trina R. Smith,
Appellant

On Appeal From the United States
District Court
For the Middle District of Pennsylvania
(D.C. Crim. Action No. 04-cr-00069)
District Judge: Hon. Christopher C. Conner

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 15, 2007

BEFORE: McKEE, STAPLETON and NYGAARD,
Circuit Judges

(Opinion Filed: June 22, 2007)

STAPLETON, Circuit Judge:

Appellant Trina Smith pled guilty to one count of unlawful distribution of crack cocaine. She was sentenced to 110 months of imprisonment, a $100 assessment, and three years of supervised release. Because she suffers from end-stage renal failure and undergoes kidney dialysis three times a week, she is serving her sentence at the Federal Medical Center in Carlswell, Texas, as requested by the District Court.

At the sentencing hearing, the District Court determined, based on Smith's admissions during the guilty plea colloquy, that she had sold two ounces, or 56.7 grams, of cocaine base in 2004. It therefore properly determined that Smith's Base Offense Level was 32. A three-point credit for acceptance of responsibility reduced this to 29. Because of two prior controlled substance felony convictions, Smith qualified as a career offender and her Criminal History Category of VI. The government filed a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 based on her cooperation, and the Court agreed that a five-level reduction was appropriate. Based on a base offense level of 24 and a Criminal History Category of VI, the Guideline range was determined to be 100 to 125 months. After considering this range and the factors set forth in 18 U.S.C. § 3553(a), the District Court determined that 110 months of incarceration was a reasonable

sentence for Smith's crime.

In this appeal, Smith's appellate counsel filed a brief, an appendix, and a motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). In that brief, he examined in some detail whether Smith's sentence was reasonable and whether trial counsel had rendered effective assistance of counsel, reaching an affirmative conclusion in each instance. In addition, Smith filed a *pro se* informal brief raising a number of additional issues and asking that we overturn her conviction as well as her sentence.

We agree, essentially for the reasons explained in the brief of Smith's counsel, that the sentence imposed by the District Court was clearly a reasonable one. The District Court correctly determined the Guideline offense level and Criminal History Category and, appropriately applying the relevant facts, determined that Smith was entitled to a five-level reduction for her cooperation. Having thus properly determined the Guideline range, the District Court expressly recognized its advisory character and proceeded to consider the § 3553(a) factors before exercising its discretion to determe a reasonable sentence within the Guideline range.[1]

---

[1]We note that this case does not present the issue we addressed in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006). We there held that a District Court erred when, in response to an argument that it should impose a sentence in a crack distribution case below the Guideline range based on the Guideline differential between crack and powder cocaine, it found it had no discretion to do so. Smith did not advance such an argument before the District Court, and there is no record basis for believing that the District Court believed it lacked such discretion. To the contrary, the District Court expressly affirmed that all aspects of the Guidelines were advisory and subject to its discretion under § 3553(a), including its discretion with respect to "the nature of the offense."

We agree with the government that this is not one of those very rare cases in which an ineffective assistance of trial court counsel claim can appropriately be addressed on direct appeal. Our affirmance of the judgment of the District Court will be without prejudice to Smith's raising her ineffective assistance of counsel claim in a habeas corpus proceeding in the District Court in which an appropriate record can be developed.

Smith's informal brief challenges the "subject matter and territorial jurisdiction" of the District Court to hear the charge against her. The information in this case charges a violation of a federal criminal statute, 21 U.S.C. § 841, which is alleged to have occurred in Harrisburg. Accordingly, there can be no question about the jurisdiction of the United States District Court for the Middle District of Pennsylvania to hear the charge against Smith. The many other, non-jurisdictional arguments raised in the *pro se* brief were waived by Smith's guilty plea.

The judgment of the District Court will be affirmed without prejudice to Smith's raising her ineffective assistance of counsel claim in a habeas corpus proceeding in the District Court. Counsel's motion to withdraw will be granted.